ELECTRONICALLY FILED
Faulkner County Circuit Court
Nancy Eastham, Circuit Clerk
2026-Mar-18 15:07:01
23CV-26-713
C20D01 : 7 Pages

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
## CIVIL DIVISION

| | |
|---|---|
| Michael Gatton | ) |
| | ) |
| v. | ) |
| | ) |
| LVNV Funding LLC, Jefferson Capital | )    23CV-26-713 |
| Systems LLC, Global Lending Services LLC, | ) |
| Harley-Davidson Financial Services, Inc., | ) |
| First Premier Bank, United Auto Credit Corp, | ) |
| Acima Digital LLC f/k/a Simple | ) |
| Hunter Warfield, Inc. | ) |

## NATURE OF ACTION

This is a civil action for statutory, actual, and punitive damages, and equitable and declarative relief arising from Defendants' violations of federal consumer protection statutes, including the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., as applicable. Plaintiff asserts that, after timely CRA dispute notices were sent and forwarded to Defendants, they failed to conduct reasonable investigations of disputed credit information, failed to update, correct, or delete inaccurate or unverifiable information, violated statutory consumer rights, and caused actual harm.

## JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. §1331 because this action arises under federal statues (FCRA and FDCPA). Venue is proper under A.C.A. §16-60-101 and the Arkansas Circuit Court authority, as Plaintiff seeks damages not exceeding $11,000, exclusive of costs and interest. Personal jurisdiction exists because Defendants conduct systematic and continuous business in Arkansas, regularly furnishes consumers' reports to

consumer reporting agencies, including Arkansas residents, and caused injury to Plaintiff within this state.

## PARTIES

Plaintiff Michael Gatton is a resident of Conway, Arkansas. Defendants Hunter Warfield, LVNV Funding LLC, and Jefferson Capital Systems, LLC are "debt collectors" under 15 U.S.C. §1692a(6) and furnishers of credit data under 15 U.S.C. §1681s-2. Defendants Global Lending Services, Harley-Davidson Financial Services, Inc., First Premier Bank, United Auto Credit Corporation, and Acima Digital, LLC (f/k/a Simple Finance Technology Corp.) are furnishers of credit data under 15 U.S.C. §1681s-2.

## FACTUAL BACKGROUND

Plaintiff discovered multiple inaccurate, incomplete, and unverifiable tradelines reported on his credit reports. Plaintiff provided written dispute notices to the consumer reporting agencies. Those agencies forwarded dispute notifications to each furnisher, triggering furnishers' duties under 15 U.S.C. § 1681s-2(b). Defendants failed to conduct reasonable investigations, correct or delete inaccurate information, provide required validation notices, or otherwise comply with statutory obligations. Defendants' actions caused concrete harm to Plaintiff, including decreased creditworthiness, emotional distress, lost credit opportunities, and other damages.

## DISPUTED ACCOUNTS AND SPECIFIC VIOLATIONS

I.   **Debt Collector Defendants**

(Hunter Warfield, Inc.; LVNV Funding LLC; Jefferson Capital Systems, LLC)

a.   These Defendants are "debt collectors" under 15 U.S.C §1692a(6) and furnishers of information under 15 U.S.C. §1681s-2. Plaintiff discovered that each of these

Defendants reported collection accounts containing inaccurate and/or unverifiable information, including but not limited to reported balances, account status, dates, and legal enforceability of the alleged obligations. Plaintiff submitted written disputes to the consumer reporting agencies. Upon information and belief, the consumer reporting agencies forwarded notice of dispute to each Defendant pursuant to 15 U.S.C. §1681i(a)(2), thereby triggering duties under 15 U.S.C. §1681s-2(b).

b. Despite receiving notice, these Defendants:

   i. Failed to conduct a reasonable investigation;

   ii. Failed to meaningfully review relevant information;

   iii. Failed to delete or modify inaccurate or unverifiable information; and

   iv. Continued reporting the accounts as "verified" without competent substantiation.

c. Additionally, as debt collectors, these Defendants failed to provide proper validation and disclosures required under the FDCPA and continued collection-related reporting despite the absence of adequate verification.

**d. Violations – Debt Collector Defendants**

   i. 15 U.S.C. §1681s-2(b)(1)(A)–(B), (E)

   ii. 15 U.S.C. §1692g(a)

   iii. 15 U.S.C. §1692e(2)(A)

   iv. 15 U.S.C. §1692e(11)

e. Plaintiff seeks $2,000 per debt collector Defendant, representing statutory damages under 15 U.S.C. §1681n and 15 U.S.C. §1692k, in addition to actual and punitive damages as permitted by law.

## II.   Furnisher-Only Defendants

(Global Lending Services LLC; Harley-Davidson Financial Services, Inc.; United Auto Credit Corporation; Acima Digital, LLC f/k/a Simple; First Premier Bank)

a. These Defendants are furnishers of credit information under 15 U.S.C. §1681s-2. Plaintiff identified material inaccuracies and inconsistencies in the reporting of these accounts, including but not limited to:

   i. Incorrect balances

   ii. Incorrect dates of first delinquency or date closed

   iii. Inaccurate payment histories

   iv. Inconsistent reporting between consumer reporting agencies

   v. Reporting of unverifiable adverse information

b. Plaintiff submitted disputes to the consumer reporting agencies. Upon information and belief, the agencies transmitted notice to each furnisher pursuant to 15 U.S.C. §1681i(a)(2), triggering duties under 15 U.S.C. §1681s-2(b). Despite receiving notice, these Defendants:

   i. Failed to conduct a reasonable investigation;

   ii. Failed to review all relevant information;

   iii. Failed to modify, correct, or delete inaccurate or unverifiable information; and

   iv. Continued reporting the accounts as "verified."

c. **Violations – Furnisher Defendants**

   i. 15 U.S.C. §1681s-2(b)(1)(A)–(B), (E)

d. Plaintiff seeks $1,000 per furnisher Defendant under 15 U.S.C. §1681n, in addition to actual damages, punitive damages where appropriate, and costs.

## DAMAGES SUMMARY

Plaintiff seeks damages not exceeding $11,000 total, consisting of:

a.  $2,000 per debt collector Defendant; $1,000 per furnisher-only Defendant

b.  Actual damages; Punitive damages where willfulness is shown

c.  Costs of litigation; Equitable relief requiring correction or deletion of inaccurate accounts

## STATEMENT OF HARM AND STANDING

As a direct and proximate result of Defendant's conduct, Plaintiff suffered concrete and particularized injuries, including but not limited to:

I.   Damage to credit reputation

II.  Damage to character

III. Loss of credit opportunities

IV.  Increased cost of credit

V.   Emotional Distress, frustration, and anxiety, and

VI.  Embarrassment, humiliation, mental anguish, loss of sleep, time and resources expended attempting to correct Defendant's errors

Plaintiff has standing because Defendant's statutory violations caused real, concrete harm.

## LEGAL FRAMEWORK AND AUTHORITIES

### COUNT I – VIOLATION OF 15 U.S.C. § 1681s-2(b) – FCRA FURNISHER DUTY

a.  Furnishers must conduct a reasonable investigation once notified by a CRA of a consumer's dispute and report results back to the CRA. 15 U.S.C. § 1681s-2(b) explicitly requires such actions (conduct investigation, review information, report results, correct or delete inaccurate information)

b. Courts have recognized that failing to conduct a reasonable investigation is actionable under § 1681s-2(b) when a furnisher fails to meaningfully investigate accuracy and completeness of reported data following CRA notice — the very basis of Plaintiff's claims.

## COUNT II – 15 U.S.C. §1681n WILLFUL NONCOMPLIANCE

a. A furnisher that willfully fails to comply with its duties under §1681s-2(b) is subject to statutory damages (up to $1,000), actual damages, punitive damages, and attorneys' fees.

## COUNT III – 15 U.S.C. §1681o NEGLIGENT NONCOMPLIANCE

a. Additionally, if Defendants' conduct was negligent rather than willful, Plaintiff is entitled to actual damages, costs, and fees.

## COUNT IV – FDCPA VIOLATIONS (15 U.S.C. §1692 et seq.)

a. (Debt Collector Defendants Only) Violations include 15 U.S.C. §1692g(a) (failure to validate), §1692e(2)(A) (false representation of debt), and §1692e(11) (failure to disclose required consumer rights). Courts have repeatedly held that debt collectors must comply with these provisions and can be found liable for failing to do so even if relying on creditor data.

### WILLFULNESS AND KNOWLEDGE

Defendants are sophisticated entities familiar with their legal obligations under FCRA and FDCPA. Repeated litigation in these areas places Defendants on notice of required compliance. Their failure to correct obvious reporting errors despite dispute notice shows reckless disregard.

### CLAIM FOR RELIEF

Plaintiff is entitled to Statutory damages for willful violations pursuant to 15 U.S.C. §1681n; Actual damages pursuant to 15 U.S.C. §1681o; Punitive damages for willful noncompliance; Costs of litigation; Declaratory and equitable relief requiring correction or deletion of inaccurate information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and grant:

a. Award damages not exceeding $11,000 in total statutory, actual, and punitive damages as permitted under

b. Award court costs;

c. Grant equitable relief ordering correction or deletion of inaccurate information;

d. Grant all other relief this Court deems just and proper

Respectfully submitted,
Michael Gatton
640 Ingram Village Dr Apt A
Conway, AR 72032
Plaintiff, Pro Se