**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MICHAEL GATTON**                                                    **PLAINTIFF**

**vs.**                              **CASE NO. 4:26-cv-00407-LPR**

**LVNV FUNDING LLC; JEFFERSON CAPITAL SYSTEMS LLC;**
**GLOBAL LENDING SERVICES LLC; HARLEY-DAVIDSON**
**FINANCIAL SERVICES, INC.; FIRST PREMIER BANK;**
**UNITED AUTO CREDIT CORPORATION; ACIMA DIGITAL**
**LLC f/k/a SIMPLE; HUNTER WARFIELD, INC.; EQUIFAX,**
**INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and**
**TRANSUNION, LLC**                                                  **DEFENDANTS**

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**(Incorrectly named as "Equifax Inc.")**
**RESPONSE TO PLAINTIFF'S COMPLAINTS NAMING OTHER DEFENDANTS**
**AND ANSWER TO AMENDED COMPLAINT AGAINST EQUIFAX**

Defendant, Equifax Information Services LLC (Incorrectly named as "Equifax Inc.") ("**Equifax**"), by Counsel, files its Response to Plaintiff's Complaints Naming Other Defendants (Doc. No. 2, Doc. No. 1, pp. 79-86 & 87-94) and Answer to Amended Complaint against Equifax (Doc. No. 1, pp. 71-78) (the "**Equifax Complaint**") as follows:

**RESPONSE TO COMPLAINTS NAMING OTHER DEFENDANTS**

Plaintiff has filed four separate complaints in this action, with each complaint naming wholly different parties. Plaintiff's initial Complaint (Doc. No. 2) does not appear to name Equifax or to contain any allegations or seek any relief pertaining to Equifax. On the same date that Plaintiff filed the Equifax Complaint, Plaintiff appears to have filed two other amended complaints naming Experian Information Solutions Inc. (Doc. No. 1, pp. 79-86) and TransUnion LLC (Doc. No. 1, pp. 87-94). Upon information and belief, the initial Complaint and amended complaints naming Experian Information Solutions Inc. and TransUnion LLC require no response from Equifax. To the extent that such complaints require a response, Equifax denies all allegations contained therein

1

that are not specifically admitted in the Equifax's Answer to the Amended Complaint Against Equifax hereinbelow.

## ANSWER TO AMENDED COMPLAINT AGAINST EQUIFAX

In response to the specific allegations in the paragraphs in the Equifax Complaint, Equifax responds as follows:

## PRELIMINARY STATEMENT

Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Equifax Complaint.

## DEMAND FOR JUR TRIAL

Equifax admits that Plaintiff demands a trial by jury.

## NATURE OF ACTION

Equifax admits Plaintiff purports to bring claims pursuant to the Fair Credit Reporting Act ("FCRA"). Equifax denies any allegation it violated the FCRA. Equifax denies it caused Plaintiff to suffer any damages. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the "NATURE OF ACTION" paragraph of the Equifax Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

To the extent Plaintiff has properly alleged his claims, Equifax admits the Court may exercise its jurisdiction. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the "JURISDICTION AND VENUE" paragraph of the Equifax Complaint, and therefore denies the same.

## PARTIES

Equifax admits it is a consumer reporting agency as defined by the FCRA. Equifax is

2

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the "PARTIES" paragraph of the Equifax Complaint, and therefore denies the same.

## FACTUAL BACKGROUND

Equifax admits that it reports consumer credit information. Equifax denies any allegation it reported inaccurate information in Plaintiff's credit file as alleged. Equifax states that the provisions of the FCRA speak for themselves and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the "FACTUAL BACKGROUND" paragraph of the Equifax Complaint, and therefore denies the same.

## ALLEGED DISPUTED ACCOUNTS AND SPECIFIC VIOLATIONS

I. **Account 1: First Premier Bank**

   a. Equifax denies the allegations in Paragraph I.a. Equifax specifically denies any allegation that it reported inaccurate information in Plaintiff's credit file as alleged. Equifax further specifically denies that it violated the FCRA.

   b. Equifax denies the allegations in Paragraph I.b and its subparts. Equifax specifically denies any allegation that it reported inaccurate information in Plaintiff's credit file as alleged.

II. **Account 2: LVNV Funding LLC**

   a. Equifax denies the allegations in Paragraph II.a. Equifax specifically denies any allegation that it reported inaccurate information in Plaintiff's credit file as alleged. Equifax further specifically denies that it violated the FCRA.

III. **Account 3: Jefferson Capital Systems, LLC**

a.  Equifax denies the allegations in Paragraph III.a. Equifax denies any allegation that it reported inaccurate information in Plaintiff's credit file as alleged. Equifax further denies that it violated the FCRA.

IV.  **Account 4: Global Lending Services**

a.  Equifax denies the allegations in Paragraph IV.a. Equifax specifically denies any allegation that it reported inaccurate information in Plaintiff's credit file as alleged. Equifax further specifically denies that it violated the FCRA.

V.  **Account 5: Harley Davidson Financial Services**

a.  Equifax denies the allegations in Paragraph V.a. Equifax specifically denies any allegation that it reported inaccurate information in Plaintiff's credit file as alleged. Equifax further specifically denies that it violated the FCRA.

VI.  **Account 6: United Auto Credit Corporation**

a.  Equifax denies the allegations in Paragraph VI.a. Equifax specifically denies any allegation that it reported inaccurate information in Plaintiff's credit file as alleged. Equifax further specifically denies it violated the FCRA.

VII.  **Global Reinvestigation Violation**

a.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph VII.a., and therefore denies the same.

**ALLEGED STATEMENT OF HARM AND STANDING**

Equifax denies Plaintiff is entitled to any relief claimed in the "STATEMENT OF HARM AND STANDING" paragraph and its subparts. To the extent that the "STATEMENT OF HARM AND STANDING" paragraph requires further response, Equifax denies the same.

4

**LEGAL FRAMEWORK AND AUTHORITIES**

**COUNT I – VIOLATION OF 15 U.S.C. § 1681e(b) FAILURE TO FOLLOW REASONABLE PROCEDURES**

a. Equifax admits it is subject to the FCRA. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the COUNT I, subparagraph a. of the Equifax Complaint and therefore denies the same.

b. Equifax states that the referenced case speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case, Equifax denies the allegations. To the extent that COUNT I, subparagraph b. of the Equifax Complaint requires further response, Equifax denies the same.

c. Equifax states that the referenced case speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case, Equifax denies the allegations. To the extent that COUNT I, subparagraph c. of the Equifax Complaint requires further response, Equifax denies the same.

**COUNT II - VIOLATION OF 15 U.S.C. § 1681i PROCEDURE IN CASE OF DISPUTED ACCURACY**

a. Equifax admits it is subject to the FCRA. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in COUNT II, subparagraph a. of the Equifax Complaint, and therefore denies the same.

b. Equifax states that the referenced case speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case, Equifax denies the allegations. To the extent that COUNT II, subparagraph b. of the Equifax Complaint requires further response, Equifax denies the same.

c. Equifax states that the referenced case speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case, Equifax denies the allegations. To the extent that COUNT II, subparagraph c. of the Equifax Complaint requires further response, Equifax denies the same.

**COUNT III – WILLFUL NONCOMPLIAINCE (15 U.S.C. § 1681a)**

a. Equifax states that the referenced case speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case, Equifax denies the allegations. To the extent that COUNT III, subparagraph a. of the Equifax Complaint requires further response, Equifax denies the same.

b. Equifax denies the allegations in COUNT III, subparagraph b. of the Equifax Complaint.

**COUNT IV – NEGLIGENT NONCOMPLIAINCE (15 U.S.C. § 1681o)**

a. Equifax denies the allegations in COUNT IV, subparagraph a. of the Equifax Complaint.

b. Equifax denies the allegations in COUNT IV, subparagraph b. of the Equifax Complaint.

## WILLFULNESS AND KNOWLEDGE

Equifax denies the allegations in the "WILLFULNESS AND KNOWLEDGE" paragraph of the Equifax Complaint. Equifax further specifically denies any allegation that it violated the FCRA.

## CLAIM FOR RELIEF

Equifax denies the allegations in the "CLAIM FOR RELIEF" paragraph of the Equifax Complaint. Equifax specifically denies any allegation that it reported inaccurate information in Plaintiff's credit file. Equifax further specifically denies any allegation that it caused Plaintiff to suffer any damages. Equifax denies it violated the FCRA.

## PRAYER FOR RELIEF

Equifax denies Plaintiff is entitled to any relief claimed in the "WHEREFORE" paragraph of the Equifax Complaint. Equifax further denies any and all allegations in the Equifax Complaint that are not specifically admitted herein.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaints, Equifax prays that:

6

(a)     Plaintiff's Complaints be dismissed in their entirety and with prejudice, with all costs taxed against Plaintiff; and

(b)     it recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Ralph D. Scott III*
Ralph D. Scott III (2015127)
LAX, VAUGHAN, FORTSON,
ROWE & THREET, P.A.
11300 Cantrell Road, Suite 201
Little Rock, Arkansas 72212
(501) 376-6565  Office
(501) 376-6666  Fax
tscott@laxvaughan.com

*Attorneys for Equifax Information Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I do HEREBY CERTIFY that on April 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record, and that a copy of the same was also served, via U.S. Mail, upon the following:

Michael Gatton
640 Ingram Village Dr, Apt. A
Conway, AR 72032
*Pro Se Plaintiff*

*/s/ Ralph D. Scott III*
Ralph D. Scott III
