**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **MICHAEL GATTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LVNV FUNDING LLC, JEFFERSON** | ) | |
| **CAPITAL SYSTEMS LLC, GLOBAL** | ) | |
| **LENDING SERVICES LLC, HARLEY-** | ) | **CIVIL ACTION NO.** |
| **DAVIDSON FINANCIAL SERVICES, INC.,** | ) | |
| **FIRST PREMIER BANK, UNITED AUTO** | ) | **4:26-cv-00407-LPR** |
| **CREDIT CORP., ACIMA DIGITAL LLC** | ) | |
| **F/K/A SIMPLE HUNTER WARFIELD,** | ) | |
| **INC., EQUIFAX, INC., EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS, INC.,** | ) | |
| **TRANSUNION, LLC,** | ) | |

**Defendants.**

**DEFENDANT UNITED AUTO CREDIT CORP.'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO COMPLAINT**

**COMES NOW** Defendant United Auto Credit Corp. ("UACC") by and through undersigned counsel and specifically reserving its right to compel arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, hereby files its Answer and Affirmative Defenses to Plaintiff Michael Gatton's ("Plaintiff") Complaint[1] and states as follows:

**NATURE OF ACTION**

UACC admits that Plaintiff purports to bring an action for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Fair Debt Collections Practices Act

---

[1] UACC makes this response to the complaint and allegations directed to it (ECF No. 2, the "Original Complaint"). Plaintiff has filed three separate amendments asserting claims against Equifax, TransUnion and Experian (See ECF No. 1 at 71-94). UACC denies that a response is required since those amendments are not directed to it. To the extent a response is required, UACC denies the allegations to the extent they are inconsistent with its responses to the allegations in the Original Complaint and further denies that its reporting is inaccurate.

("FDCPA"), 15 U.S.C. § 1692, *et seq.* but denies the remaining allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## JURISDICTION AND VENUE

UACC states that the jurisdictional allegation in this section call for a legal conclusion and thus no response is required. To the extent that a response is required, UACC admits that it conducts business within the state of Arkansas but denies the remaining allegations therein as stated and demands strict proof thereof.

## PARTIES

UACC admits that it is a furnisher, as defined under the FCRA. UACC is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## FACTUAL BACKGROUND

As to the allegations in this section specifically asserted as to UACC, UACC denies the same and demands strict proof thereof. UACC is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## DISPUTED ACCOUNTS AND SPECIFIC VIOLATIONS

### I.    Debt Collector Defendants

UACC states that the allegations in this section (and all subsections thereof) are not directed to it and thus no response is required. To the extent that a response is required, UACC is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## II.   Furnisher-Only Defendants

As to the allegations in this section (and all subsections thereof) specifically asserted as to UACC, UACC denies same and demands strict proof thereof. UACC is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## DAMAGES SUMMARY

UACC denies the allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## STATEMENT OF HARM AND STANDING

UACC denies the allegations in this section and demands strict proof thereof.

## LEGAL FRAMEWORK AND AUTHORITIES

### COUNT I – VIOLATION OF 15 U.S.C. § 1681s-2(b) – FCRA FURNISHER DUTY

UACC states that the FCRA speaks for itself and denies any allegations inconsistent therewith. To the extent this section asserts specific allegations as to UACC or its liability, UACC denies the allegations in this section and demands strict proof thereof.

### COUNT II – 15 U.S.C. § 1681n – WILLFUL NONCOMPLIANCE

UACC states that the FCRA speaks for itself and denies any allegations inconsistent therewith. To the extent this section asserts specific allegations as to UACC or its liability, UACC denies the allegations in this section and demands strict proof thereof.

### COUNT III – 15 U.S.C. § 1681o – NEGLIGENT NONCOMPLIANCE

UACC states that the FCRA speaks for itself and denies any allegations inconsistent therewith. To the extent this section asserts specific allegations as to UACC or its liability, UACC denies the allegations in this section and demands strict proof thereof.

3

**COUNT IV – FDCPA VIOLATIONS (15 U.S.C. § 1692 *et seq.*)**

UACC states that the allegations in this section are not directed to it and thus no response is required. To the extent that a response is required, UACC is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## WILLFULNESS AND KNOWLEDGE

As to the allegations in this section specifically asserted as to UACC, UACC denies same and demands strict proof thereof. UACC is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## CLAIM FOR RELIEF

UACC denies the allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## PRAYER FOR RELIEF

UACC denies the allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

To the extent the subject account is governed by the terms and conditions of an agreement containing an arbitration provision that requires the parties to submit disputes regarding their account(s) to binding arbitration, Plaintiff would be bound by said agreement to arbitrate any and all claims against UACC related to same. Accordingly, UACC expressly reserves the right to compel arbitration of Plaintiff's claims pursuant to 9 U.S.C. §§ 1 *et seq.* and does not waive its right to compel arbitration in filing this responsive pleading.

## SECOND DEFENSE

The Complaint fails to state any plausible claim for relief which can be granted against UACC and should be dismissed pursuant to Fed. R. Civ. P. 12.

## THIRD DEFENSE

UACC is not liable because it acted in good faith in conformity with applicable rules, regulations, and statutory interpretations, including any duties under 15 U.S.C. § 1681, *et seq.*

## FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred for lack of standing due to the absence of the requisite injury necessary to possess the standing. Specifically, Plaintiff cannot recover from UACC under the Complaint to the extent that he has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

## FIFTH DEFENSE

UACC denies that it is guilty of any fault, either negligent, wanton, willful or otherwise.

## SIXTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties, including but not limited to the credit reporting agencies, over which UACC had no responsibility or control and for which UACC may not be held liable.

## SEVENTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

## EIGHTH DEFENSE

To the extent Plaintiff's claims against UACC relate to conduct beyond the applicable statute of limitations, they are barred.

## NINTH DEFENSE

Plaintiff's claims against UACC are barred by the doctrines of judicial estoppel, collateral estoppel, and *res judicata*.

## TENTH DEFENSE

The claims asserted by Plaintiff against UACC are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and/or release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## ELEVENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which UACC denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of UACC.

## TWELFTH DEFENSE

Plaintiff's claims against UACC are barred, in whole or in part, by the doctrines of recoupment and/or set-off. UACC is further entitled to set-off for any amounts due and owing that exceed the alleged damages suffered by Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## FOURTEENTH DEFENSE

To the extent Plaintiff's Complaint seeks relief for mental anguish, such claim is barred because a jury award of mental anguish damages will violate due process and equal protection rights guaranteed to UACC by the Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Arkansas.

## FIFTEENTH DEFENSE

Any claim asserted by Plaintiff for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## SIXTEENTH DEFENSE

UACC affirmatively invokes and asserts all defenses created by and under the FCRA.

## Reservation of Defenses

UACC reserves its right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

**WHEREFORE**, Defendant United Auto Credit Corp. respectfully requests that this Court enter judgment on Plaintiff's claims in UACC's favor, award UACC its attorney's fees and costs, and any other such relief as this Court deems just, equitable, and proper.

Respectfully submitted this the 30th day of April, 2026.

> *s/ Samuel A. Morris*
> Samuel A. Morris, AR Bar No. 2021089
> BURR & FORMAN LLP
> 222 Second Avenue South, Suite 2000
> Nashville, TN 37201
> Telephone: (615) 724-3200
> smorris@burr.com
>
> Attorney for Defendant
> UNITED AUTO CREDIT CORP.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail on this 30th day of April, 2026:

Michael Gatton
640 Ingram Village Dr, Apt A
Conway, AR 72032

Ralph D. Scott , III
Lax, Vaughan, Fortson, Rowe & Threet P.A.
Cantrell West Building
11300 Cantrell Road, Suite 201
Little Rock, AR 72212

Robert Ryan Younger
Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201-3325

Cooper M. Walker
Frost Echols LLC
18383 Preston Road, Suite 350
Dallas, TX 75252

Marc F. Kirkland
Quilling, Selander, Lownds, Winslett &
Moser, P.C.
5801 Tennyson Parkway, Suite 440
Plano, TX 75024

> */s/ Samuel A. Morris*
> OF COUNSEL