## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL GATTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **LVNV FUNDING LLC, JEFFERSON** | ) |
| **CAPITAL SYSTEMS LLC, GLOBAL** | ) |
| **LENDING SERVICES LLC, HARLEY-** | )   **CIVIL ACTION NO.** |
| **DAVIDSON FINANCIAL SERVICES, INC.,** | ) |
| **FIRST PREMIER BANK, UNITED AUTO** | )   **4:26-cv-00407-LPR** |
| **CREDIT CORP., ACIMA DIGITAL LLC** | ) |
| **F/K/A SIMPLE HUNTER WARFIELD,** | ) |
| **INC., EQUIFAX, INC., EXPERIAN** | ) |
| **INFORMATION SOLUTIONS, INC.,** | ) |
| **TRANSUNION, LLC,** | ) |
| | |
| **Defendants.** | |

## DEFENDANT GLOBAL LENDING SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM

**COMES NOW** Defendant Global Lending Services, LLC ("GLS") by and through undersigned counsel and specifically reserving its right to compel arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, hereby files its Answer and Affirmative Defenses to Plaintiff Michael Gatton's ("Plaintiff") Complaint[1] and states as follows:

## NATURE OF ACTION

GLS admits that Plaintiff purports to bring an action for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Fair Debt Collections Practices Act

---

[1] GLS makes this response to the complaint and allegations directed to it (ECF No. 2, the "Original Complaint"). Plaintiff has filed three separate amendments asserting claims against Equifax, TransUnion and Experian (See ECF No. 1 at 71-94). GLS denies that a response is required since those amendments are not directed to it. To the extent a response is required, GLS denies the allegations to the extent they are inconsistent with its responses to the allegations in the Original Complaint and further denies that its reporting is inaccurate.

("FDCPA"), 15 U.S.C. § 1692, *et seq.* but denies the remaining allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## JURISDICTION AND VENUE

GLS states that the jurisdictional allegation in this section calls for a legal conclusion and thus no response is required. To the extent that a response is required, GLS admits that it conducts business within the state of Arkansas but denies the remaining allegations therein as stated and demands strict proof thereof.

## PARTIES

GLS admits that it is a furnisher, as defined under the FCRA. GLS is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## FACTUAL BACKGROUND

As to the allegations in this section specifically asserted as to GLS, GLS denies the same and demands strict proof thereof. GLS is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## DISPUTED ACCOUNTS AND SPECIFIC VIOLATIONS

### I.     Debt Collector Defendants

GLS states that the allegations in this section (and all subsections thereof) are not directed to it and thus no response is required. To the extent that a response is required, GLS is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

### II.    Furnisher-Only Defendants

As to the allegations in this section (and all subsections thereof) specifically asserted as to GLS, GLS denies same and demands strict proof thereof. GLS is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## DAMAGES SUMMARY

GLS denies the allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## STATEMENT OF HARM AND STANDING

GLS denies the allegations in this section and demands strict proof thereof.

## LEGAL FRAMEWORK AND AUTHORITIES

### COUNT I – VIOLATION OF 15 U.S.C. § 1681s-2(b) – FCRA FURNISHER DUTY

GLS states that the FCRA speaks for itself and denies any allegations inconsistent therewith. To the extent this section asserts specific allegations as to GLS or its liability, GLS denies the allegations in this section and demands strict proof thereof.

### COUNT II – 15 U.S.C. § 1681n – WILLFUL NONCOMPLIANCE

GLS states that the FCRA speaks for itself and denies any allegations inconsistent therewith. To the extent this section asserts specific allegations as to GLS or its liability, GLS denies the allegations in this section and demands strict proof thereof.

### COUNT III – 15 U.S.C. § 1681o – NEGLIGENT NONCOMPLIANCE

GLS states that the FCRA speaks for itself and denies any allegations inconsistent therewith. To the extent this section asserts specific allegations as to GLS or its liability, GLS denies the allegations in this section and demands strict proof thereof.

### COUNT IV – FDCPA VIOLATIONS (15 U.S.C. § 1692 *et seq.*)

GLS states that the allegations in this section are not directed to it and thus no response is required. To the extent that a response is required, GLS is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## WILLFULNESS AND KNOWLEDGE

As to the allegations in this section specifically asserted as to GLS, GLS denies same and demands strict proof thereof. GLS is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## CLAIM FOR RELIEF

GLS denies the allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## PRAYER FOR RELIEF

GLS denies the allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent the subject account is governed by the terms and conditions of an agreement containing an arbitration provision that requires the parties to submit disputes regarding their account(s) to binding arbitration, Plaintiff would be bound by said agreement to arbitrate any and all claims against GLS related to same. Accordingly, GLS expressly reserves the right to compel arbitration of Plaintiff's claims pursuant to 9 U.S.C. §§ 1 *et seq.* and does not waive its right to compel arbitration in filing this responsive pleading.

### SECOND DEFENSE

4

The Complaint fails to state any plausible claim for relief which can be granted against GLS and should be dismissed pursuant to Fed. R. Civ. P. 12.

### THIRD DEFENSE

GLS is not liable because it acted in good faith in conformity with applicable rules, regulations, and statutory interpretations, including any duties under 15 U.S.C. § 1681, *et seq.*

### FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred for lack of standing due to the absence of the requisite injury necessary to possess the standing. Specifically, Plaintiff cannot recover from GLS under the Complaint to the extent that he has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

### FIFTH DEFENSE

GLS denies that it is guilty of any fault, either negligent, wanton, willful or otherwise.

### SIXTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties, including but not limited to the credit reporting agencies, over which GLS had no responsibility or control and for which GLS may not be held liable.

### SEVENTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

### EIGHTH DEFENSE

To the extent Plaintiff's claims against GLS relate to conduct beyond the applicable statute of limitations, they are barred.

### NINTH DEFENSE

Plaintiff's claims against GLS are barred by the doctrines of judicial estoppel, collateral estoppel, and *res judicata*.

### TENTH DEFENSE

The claims asserted by Plaintiff against GLS are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and/or release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

### ELEVENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which GLS denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of GLS.

### TWELFTH DEFENSE

Plaintiff's claims against GLS are barred, in whole or in part, by the doctrines of recoupment and/or set-off. GLS is further entitled to set-off for any amounts due and owing that exceed the alleged damages suffered by Plaintiff.

### THIRTEENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### FOURTEENTH DEFENSE

To the extent Plaintiff's Complaint seeks relief for mental anguish, such claim is barred because a jury award of mental anguish damages will violate due process and equal protection rights guaranteed to GLS by the Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Arkansas.

### FIFTEENTH DEFENSE

6

Any claim asserted by Plaintiff for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

### SIXTEENTH DEFENSE

GLS affirmatively invokes and asserts all defenses created by and under the FCRA.

### Reservation of Defenses

GLS reserves its right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

**WHEREFORE**, Defendant Global Lending Services LLC respectfully requests that this Court enter judgment on Plaintiff's claims in GLS's favor, award GLS its attorney's fees and costs, and any other such relief as this Court deems just, equitable, and proper.

### COUNTERCLAIM

**COMES NOW**, Defendant/Counter-Plaintiff Global Lending Services LLC ("GLS"), by and through undersigned counsel, states the following Counterclaim against Plaintiff/Counter-Defendant Michael Gatton ("Gatton") and, in support thereof, alleges as follows:

### Parties, Jurisdiction, and Venue

1.      This is an action for damages and subject to supplemental jurisdiction of the federal causes of action raised in the Complaint pursuant to 28 U.S.C. § 1367, as this Counterclaim involves the same case or controversy and same nucleus of operative facts as raised in the Complaint.

2.      GLS is a foreign corporation lawfully doing business in the state of Arkansas.

3.      Upon information and belief, Gatton is a natural individual currently residing in this jurisdiction and is otherwise *sui juris*.

4.      Venue is proper before this Court because Gatton resides within this jurisdiction and at least one cause of action accrued within this jurisdiction.

## General Allegations

5.      On or about September 23, 2021, nonparty Tia Shew (as Buyer) and Gatton (as Co-Buyer) (jointly, the "Borrowers") executed a Retail Installment Contract and Security Agreement (the "Contract") with Honda World in Conway, AR ("Dealer") for the purchase of a used 2019 Jeep Cherokee (the "Vehicle"). A true and correct redacted copy of the Contract is attached hereto as **Exhibit "A"**.

6.      That same day, the Dealer assigned all of its rights, title, and interest in the Contract to GLS, including the right to receive payments under the Contract. (*See* Ex. A, p. 3.)

7.      The Contract required the Borrowers to pay $455.77 per month for 72 months, beginning on November 7, 2021.      (*See id.*, at p. 1.)

8.      The Borrowers defaulted on his payment obligations under the Contract by not making monthly payments when due.

9.      As a result of the default, GLS repossessed the Vehicle on or about September 3, 2024 and disposed of same on or about October 1, 2024. Following the sale of the Vehicle, there remains an unpaid balance due and owing under the Contract.

10.      As a result of the Borrowers' default, GLS is contractually entitled to recover the remaining unpaid balance, finance charges, and all other charges under the Contract, which amount to $5,793.12 as of the date of this filing.

11.      GLS has performed all conditions precedent under the Contract, or such conditions have occurred, been waived, or are otherwise excused.

### Count I – Breach of Contract

12.      GLS hereby incorporates by reference the allegations set forth in paragraphs 1 through 12 as if they were fully set forth herein.

13.      The Contract is a valid and enforceable agreement.

14.      As a Co-Buyer under the Contract, Gatton is liable thereunder.

15.      By failing to make the required monthly payments, Gatton materially breached the terms of the Contract and is in default.

16.      GLS has been damaged by Gatton's breach of the Contract.

17.      GLS is therefore entitled to recover $5,793.12, exclusive of pre-judgment and/or post-judgment interest, contractual interest, and other costs and fees allowed under the Contract.

**WHEREFORE**, Defendant/Counter-Plaintiff Global Lending Services LLC hereby requests, moves, and prays that this Court enter a judgment against Gatton, awarding it monetary damages, attorney's fees and costs, and for such other and further relief that this Court shall deem just and proper.

Respectfully submitted this the 30th day of April, 2026.

> *s/ Samuel A. Morris*
> Samuel A. Morris, AR Bar No. 2021089
> BURR & FORMAN LLP
> 222 Second Avenue South, Suite 2000
> Nashville, TN 37201
> Telephone: (615) 724-3200
> smorris@burr.com
>
> Attorney for Defendant
> GLOBAL LENDING SERVICES LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail on this 30th day of April, 2026:

Michael Gatton
640 Ingram Village Dr, Apt A
Conway, AR 72032

Ralph D. Scott , III
Lax, Vaughan, Fortson, Rowe & Threet P.A.
Cantrell West Building
11300 Cantrell Road, Suite 201
Little Rock, AR 72212

Robert Ryan Younger
Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201-3325

Cooper M. Walker
Frost Echols LLC
18383 Preston Road, Suite 350
Dallas, TX 75252

Marc F. Kirkland
Quilling, Selander, Lownds, Winslett &
Moser, P.C.
5801 Tennyson Parkway, Suite 440
Plano, TX 75024

> */s/ Samuel A. Morris*
> OF COUNSEL

10