# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

| | | |
|---|---|---|
| MICHAEL GATTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LVNV FUNDING LLC, JEFFERSON | ) | |
| CAPITAL SYSTEMS LLC, GLOBAL | ) | **CIVIL ACTION NO. 4:26-cv-00407-LPR** |
| LENDING SERVICES LLC, HARLEY- | ) | |
| DAVIDSON FINANCIAL SERVICES, INC., | ) | |
| FIRST PREMIER BANK, UNITED AUTO | ) | |
| CREDIT CORP., ACIMA DIGITAL LLC | ) | |
| F/K/A SIMPLE HUNTER WARFIELD, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## ACIMA DIGITAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant identified as Acima Digital LLC f/k/a Simple ("Acima"), by and through its undersigned counsel, specifically reserving its right to demand arbitration pursuant to the parties' contractual agreement and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., and hereby submits its Answer and Affirmative Defenses to the Complaint[1] filed by Plaintiff Michael Gatton ("Plaintiff"), stating as follows:

## NATURE OF ACTION

In response to the unnumbered paragraph beginning with "This is a civil action" and appearing below the heading "NATURE OF ACTION," Acima admits that Plaintiff purports to

---

[1] Plaintiff's original Complaint asserted claims against, and was served on, Acima. (ECF No. 2.) Acima notes that after filing the original Complaint, Plaintiff filed three amendments, each asserting separate claims and allegations against Equifax, TransUnion and Experian individually. (*See* ECF No. 1 at 71-94). Acima believes that these subsequent Complaints, which do not assert claims against, and were not served on Acima, were pro se Plaintiff's attempt to add additional Parties and claims to the litigation and that no response thereto is required. As such, Acima's Answer is directed toward the Original Complaint. To the extent that a response is required, the allegations are denied and Acima demands strict proof thereof.

assert claims against Acima under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., ("FCRA"), but denies that Plaintiff has stated any valid FCRA claim against Acima, denies that Acima has violated the FCRA at any time, and further denies that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## JURISDICTION AND VENUE

In response to the unnumbered paragraph beginning with "This Court has" and appearing below the heading "JURISDICTION AND VENUE," Acima believes that the allegations call for legal conclusions to which no response is required. To the extent a response is required, Acima admits that it conducts business in the state of Arkansas and communicates with consumer reporting agencies regarding customer account, the statutes cited speak for themselves and denies any inconsistent characterization of the same, demanding strict proof thereof. Acima further denies that this Court is a proper venue for Plaintiff's claims, as his claims should be resolved in binding arbitration, not this Court.

## PARTIES

In response to the unnumbered paragraph beginning with "Plaintiff Michael Gatton" and appearing below the heading "PARTIES," Acima believes that the allegations call for legal conclusions to which no response is required. To the extent a response is required, Acima admits it communicates with consumer reporting agencies regarding customer accounts, that the statutes cited speak for themselves and denies any inconsistent characterization of the same, demanding strict proof thereof. Acima further denies that it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant

and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## FACTUAL BACKGROUND

In response to the unnumbered paragraph beginning with "Plaintiff discovered multiple" and appearing below the heading "FACTUAL BACKGROUND," Acima believes that the allegations call for a legal conclusion to which no response is required. To the extent that a response is required, Acima denies the allegations and demands strict proof thereof. Acima further denies that it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## DISPUTED ACCOUNTS AND SPECIFIC VIOLATIONS

### I.    Debt Collector Defendants

**(Hunter Warfield, Inc.; LVNV Funding LLC; Jefferson Capital Systems, LLC)**

a.    The allegations in this paragraph call for a legal conclusion and are not directed toward Acima, and thus, no response is required. To the extent a response is required, Acima is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

b.    The allegations in this paragraph call for a legal conclusion and are not directed toward Acima, and thus, no response from Acima is required. To the extent a response is required, Acima is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

c.    The allegations in this paragraph call for a legal conclusion and are not directed toward Acima, and thus, no response is required. To the extent a response is required, Acima is

67120439 v1

3

without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

d.      The allegations in this paragraph call for a legal conclusion and are not directed at Acima, and thus, no response is required. To the extent a response is required, Acima is without sufficient knowledge and information to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

e.      The allegations in this paragraph are not directed at Acima, and thus, no response from Acima is required. To the extent a response is required, Acima admits that the allegations speak for themselves and denies any inconsistent or alternative allegations, demanding strict proof thereof.

## II.      Furnisher-Only Defendants

**(Global Lending Services, LLC; Harley-Davidson Financial Services, Inc.; United Auto Credit Corporation; Acima Digital, LLC f/k/a Simple; First Premier Bank)**

a.      The allegations in this paragraph call for legal conclusions to which no response from Acima is required. To the extent a response is required, Acima admits that the FCRA speaks and that it communicates with consumer reporting agencies regarding customer accounts, denying any inconsistent characterization of the same. Otherwise, Acima denies the allegations in this paragraph and subparagraphs i through v and demands strict proof thereof.

b.      The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent that at response is required, Acima denies the allegations. Acima further denies that it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

67120439 v1                                               4

c.     Acima denies that it violated the FCRA and demands strict proof thereof.

d.     Acima admits that the allegations in this paragraph speak for themselves. Acmia denies that Plaintiff is entitled to the relief demanded in this paragraph, that it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## DAMAGES SUMMARY

In response to the unnumbered paragraph beginning with "Plaintiff seeks damages" and appearing below the heading "DAMAGES SUMMARY," and subparagraphs a through c thereunder, Acima denies that Plaintiff is entitled to the relief requested in this paragraph and demands strict proof thereof. Acima further denies that it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## STATEMENT OF HARM AND STANDING

In response to the unnumbered paragraph beginning with "As a direct and proximate result" and appearing below the heading "STATEMENT OF HARM AND STANDING," and subparagraphs I through VI thereunder, Acima denies the allegations in this paragraph and demands strict proof thereof. Acima further denies that it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

67120439 v1                                          5

## LEGAL FRAMEWORK AND AUTHORITIES

**COUNT I – VIOLATION OF 15 U.S.C. § 1681S-2(b) – FCRA FURNISHER DUTY**

a.      The allegations in this paragraph call for legal conclusions to which no response from Acima is required. To the extent a response is required, Acima admits only that the FCRA speaks for itself and denies any inconsistent characterization of the same. Otherwise, Acima denies the allegations in this paragraph and demands strict proof thereof.

b.      The allegations in this paragraph call for legal conclusions to which no response from Acima is required. To the extent a response is required, Acima admits only that the FCRA speaks for itself and denies any inconsistent characterization of the same. Otherwise, Acima denies the allegations in this paragraph and demands strict proof thereof. Acima further denies that it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

**COUNT II 15 U.S.C. § 1681n WILLFUL NONCOMPLIANCE**

a.      The allegations in this paragraph call for legal conclusions to which no response from Acima is required. To the extent a response is required, Acima admits only that the FCRA speaks for itself and denies any inconsistent characterization of the same. Otherwise, Acima denies the allegations in this paragraph and demands strict proof thereof.

**COUNT III 15 U.S.C. § 1681o NEGLIGENT NONCOMPLIANCE**

a.      The allegations in this paragraph call for legal conclusions to which no response from Acima is required. To the extent a response is required, Acima admits only that the FCRA speaks for itself and denies any inconsistent characterization of the same. Otherwise, Acima denies the allegations in this paragraph and demands strict proof thereof.

**COUNT IV – FDCPA VIOLATIONS (15 U.S.C. § 1692 et seq.)**

a. The allegations in this paragraph call for legal conclusions and are not directed toward Acima. As such, Acima does not believe that a response is required. To the extent a response is required, Acima admits only that the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., ("FDCPA") speaks for itself and denies any inconsistent characterization of the same. Otherwise, Acima denies the allegations in this paragraph and demands strict proof thereof.

<u>WILLFULNESS AND KNOWLEDGE</u>

In response to the unnumbered paragraph beginning with "Defendants are sophisticated" and appearing below the heading "WILLFULNESS AND KNOWLEDGE," Acima denies that it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff is entitled to any judgment damages, relief and/or award from this Defendant and demands strict proof thereof.

<u>CLAIM FOR RELIEF</u>

In response to the unnumbered paragraph beginning with "Plaintiff is entitled" and appearing below the heading "CLAIM FOR RELIEF," Acima denies the allegations in this paragraph and demands strict proof thereof. Acima further denies that it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

<u>PRAYER FOR RELIEF</u>

In response to the unnumbered paragraph beginning with "WHEREFORE" and appearing below the heading "PRAYER FOR RELIEF," and subparagraphs a through d thereunder, Acima denies that Plaintiff is entitled to the relief requested in this paragraph. Acima further denies that

67120439 v1

7

it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE-Arbitration

Plaintiff's claims are subject to a binding arbitration agreement and should proceed in arbitration rather than in this court.

### SECOND DEFENSE-Fails to State a Claim

The claims against Acima fail to state a claim upon which relief can be granted.

### THIRD DEFENSE- No Entitlement to Recover

Acima denies that Plaintiff is entitled to any individual recovery against Acima.

### FOURTH DEFENSE-No Injury or Damage

Plaintiff has not experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant.

### FIFTH DEFENSE-Statute of Limitations

Plaintiff's claims are barred by the applicable statute of limitations and laches.

### SIXTH DEFENSE-No Injury or Damage Attributable to Acima

Plaintiff has experienced no damages or injury as a result of any acts or omissions by Acima.

### SEVENTH DEFENSE-Waiver and Estoppel

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel).

67120439 v1

### EIGHTH DEFENSE-Good Faith, No Malice

At all times and under all circumstances relevant to the Complaint, Acima acted in good faith and without malice.

### NINTH DEFENSE-Acima's Actions Were Reasonable/Justified

Acima's actions were justified and reasonable.

### TENTH DEFENSE-Offset, Set-off and Recoupment

Acima denies that Plaintiff is entitled to any individual recovery against Acima. However, should Plaintiff recover against Acima, those recoveries must be offset by the amounts Plaintiff owes Acima, and pursuant to the doctrines of set-off and recoupment.

### ELEVENTH DEFENSE-Bona Fide Error

The alleged violations asserted by Plaintiff, which Acima denies, were not intentional and resulted from a bona fide error, despite Acima's maintenance of procedures reasonably adapted to avoid such violations.

### TWELFTH DEFENSE-FCRA Defenses

Acima affirmatively invokes any and all available defenses pursuant to the FCRA, including that Acima did not receive the subject dispute(s) from the CRAs, and/or properly, timely, and reasonably investigated and responded to all credit reporting dispute(s) associated with the accounts.

### THIRTEENTH DEFENSE-Lack of Standing

Some or all of Plaintiff's claims may be barred for lack of standing due to the absence of the requisite injury necessary to possess the requisite standing.

### FOURTEENTH DEFENSE-Intervening/Superseding Cause

To the extent that Plaintiff experienced any injury or damage, which is denied, it was the result of an intervening or superseding cause for which this Defendant is not legally responsible.

### FIFTEENTH DEFENSE-No Legal Responsibility

To the extent that Plaintiff experienced any injury or damage, which is denied, it is the result of individuals or entities for which this Defendant is not legally responsible.

### SIXTEENTH DEFENSE-Failure to Mitigate

Plaintiff failed to mitigate any damages he claims to have experienced.

### SEVENTEENTH DEFENSE-Conditions Precedent

Plaintiff's claims against ACIMA are barred for failure of conditions precedent.

### NINETEENTH DEFENSE-Avoidance/Affirmative Defense

Plaintiff's claims are barred by any other matter constituting an avoidance or affirmative defense.

### RESERVATION OF DEFENSES

Acima reserves the right to assert additional defenses as this case progresses. To the extent that any of the foregoing allegations in Plaintiff's Complaint have not been expressly admitted, they are hereby denied.

Respectfully submitted this the 30th day of April, 2026.

*s/ Samuel A. Morris*
Samuel A. Morris, AR Bar No. 2021089
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
smorris@burr.com

*Counsel for Defendant Acima Digital LLC*

67120439 v1

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail on this 30th day of April, 2026:

Michael Gatton
640 Ingram Village Dr, Apt A
Conway, AR 72032
*Pro Se Plaintiff*

Ralph D. Scott , III
Lax, Vaughan, Fortson, Rowe & Threet P.A.
Cantrell West Building
11300 Cantrell Road, Suite 201
Little Rock, AR 72212

Robert Ryan Younger
Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201-3325

Cooper M. Walker
Frost Echols LLC
18383 Preston Road, Suite 350
Dallas, TX 75252

Marc F. Kirkland
Quilling, Selander, Lownds, Winslett &
Moser, P.C.
5801 Tennyson Parkway, Suite 440
Plano, TX 75024

*/s/ Samuel A. Morris*

67120439 v1

11