## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | | |
|---|---|---|
| MICHAEL GATTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LVNV FUNDING LLC, JEFFERSON | ) | |
| CAPITAL SYSTEMS LLC, GLOBAL | ) | |
| LENDING SERVICES LLC, HARLEY- | ) | **CIVIL ACTION NO.** |
| DAVIDSON FINANCIAL SERVICES, INC., | ) | |
| FIRST PREMIER BANK, UNITED AUTO | ) | **4:26-cv-00407-LPR** |
| CREDIT CORP., ACIMA DIGITAL LLC | ) | |
| F/K/A SIMPLE HUNTER WARFIELD, | ) | |
| INC., EQUIFAX, INC., EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| TRANSUNION, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT FIRST PREMIER BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

**COMES NOW** Defendant First Premier Bank ("First Premier") by and through undersigned counsel and specifically reserving its right to compel arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, hereby files its Answer and Affirmative Defenses to Plaintiff Michael Gatton's ("Plaintiff") Complaint and states as follows:

### NATURE OF ACTION

First Premier admits that Plaintiff purports to bring an action for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but denies the remaining allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

67273869 v1

## JURISDICTION AND VENUE

First Premier states that the jurisdictional allegations in this section call for a legal conclusion and thus no response is required. To the extent that a response is required, First Premier admits that it conducts business within the state of Arkansas but denies the remaining allegations therein as stated and demands strict proof thereof.

## PARTIES

First Premier admits that it is a furnisher, as defined under the FCRA. First Premier is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## FACTUAL BACKGROUND

As to the allegations in this section specifically asserted as to First Premier, First Premier denies the same and demands strict proof thereof. First Premier is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## DISPUTED ACCOUNTS AND SPECIFIC VIOLATIONS

### I. Debt Collector Defendants

First Premier states that the allegations in this section (and all subsections thereof) are not directed to it and thus no response is required. To the extent that a response is required, First Premier is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

### II. Furnisher-Only Defendants

As to the allegations in this section (and all subsections thereof) specifically asserted as to First Premier, First Premier denies same and demands strict proof thereof. First Premier is without

sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## DAMAGES SUMMARY

First Premier denies the allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## STATEMENT OF HARM AND STANDING

First Premier denies the allegations in this section and demands strict proof thereof.

## LEGAL FRAMEWORK AND AUTHORITIES

### COUNT I – VIOLATION OF 15 U.S.C. § 1681s-2(b) – FCRA FURNISHER DUTY

First Premier states that the FCRA speaks for itself and denies any allegations inconsistent therewith. To the extent this section asserts specific allegations as to First Premier or its liability, First Premier denies the allegations in this section and demands strict proof thereof.

### COUNT II – 15 U.S.C. § 1681n – WILLFUL NONCOMPLIANCE

First Premier states that the FCRA speaks for itself and denies any allegations inconsistent therewith. To the extent this section asserts specific allegations as to First Premier or its liability, First Premier denies the allegations in this section and demands strict proof thereof.

### COUNT III – 15 U.S.C. § 1681o – NEGLIGENT NONCOMPLIANCE

First Premier states that the FCRA speaks for itself and denies any allegations inconsistent therewith. To the extent this section asserts specific allegations as to First Premier or its liability, First Premier denies the allegations in this section and demands strict proof thereof.

### COUNT IV – FDCPA VIOLATIONS (15 U.S.C. § 1692 *et seq.*)

First Premier states that the allegations in this section are not directed to it and thus no response is required. To the extent that a response is required, First Premier is without sufficient

knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## WILLFULNESS AND KNOWLEDGE

As to the allegations in this section specifically asserted as to First Premier, First Premier denies same and demands strict proof thereof. First Premier is without sufficient knowledge to admit or deny the remaining allegations in this section and therefore denies same and demands strict proof thereof.

## CLAIM FOR RELIEF

First Premier denies the allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## PRAYER FOR RELIEF

First Premier denies the allegations in this section, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent the subject account is governed by the terms and conditions of an agreement containing an arbitration provision that requires the parties to submit disputes regarding their account(s) to binding arbitration, Plaintiff would be bound by said agreement to arbitrate any and all claims against First Premier related to same. Accordingly, First Premier expressly reserves the right to compel arbitration of Plaintiff's claims pursuant to 9 U.S.C. §§ 1 *et seq.* and does not waive its right to compel arbitration in filing this responsive pleading.

### SECOND DEFENSE

The Complaint fails to state any plausible claim for relief which can be granted against First Premier and should be dismissed pursuant to Fed. R. Civ. P. 12.

### THIRD DEFENSE

First Premier is not liable because it acted in good faith in conformity with applicable rules, regulations, and statutory interpretations, including any duties under 15 U.S.C. § 1681, *et seq.*

### FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred for lack of standing due to the absence of the requisite injury necessary to possess standing. Specifically, Plaintiff cannot recover from First Premier under the Complaint to the extent that he has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

### FIFTH DEFENSE

First Premier denies that it is guilty of any fault, either negligent, wanton, willful, or otherwise.

### SIXTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties, including but not limited to the credit reporting agencies, over which First Premier had no responsibility or control and for which First Premier may not be held liable.

### SEVENTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

**EIGHTH DEFENSE**

To the extent Plaintiff's claims against First Premier relate to conduct beyond the applicable statute of limitations, they are barred.

**NINTH DEFENSE**

Plaintiff's claims against First Premier are barred by the doctrines of judicial estoppel, collateral estoppel, and *res judicata*.

**TENTH DEFENSE**

The claims asserted by Plaintiff against First Premier are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and/or release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

**ELEVENTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which First Premier denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of First Premier.

**TWELFTH DEFENSE**

Plaintiff's claims against First Premier are barred, in whole or in part, by the doctrines of recoupment and/or set-off. First Premier is further entitled to set-off for any amounts due and owing that exceed the alleged damages suffered by Plaintiff.

**THIRTEENTH DEFENSE**

Plaintiff has failed to mitigate his damages, if any.

**FOURTEENTH DEFENSE**

To the extent Plaintiff's Complaint seeks relief for mental anguish, such claim is barred because a jury award of mental anguish damages would violate due process and equal protection rights guaranteed to First Premier by the Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Arkansas.

**FIFTEENTH DEFENSE**

Any claim asserted by Plaintiff for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

**SIXTEENTH DEFENSE**

First Premier affirmatively invokes and asserts all defenses created by and under the FCRA.

**Reservation of Defenses**

First Premier reserves its right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

**WHEREFORE**, Defendant First Premier respectfully requests that this Court enter judgment on Plaintiff's claims in First Premier's favor, award First Premier its attorney's fees and costs, and any other such relief as this Court deems just, equitable, and proper.

Respectfully submitted this the 7th day of May, 2026.

/s/ Samuel A. Morris
Samuel A. Morris, AR Bar No. 2021089
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
smorris@burr.com

Attorney for Defendant
FIRST PREMIER BANK

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail on this 7th day of May, 2026:

Michael Gatton
640 Ingram Village Dr, Apt A
Conway, AR 72032

*Pro Se Plaintiff*

/s/ Samuel A. Morris

8