**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL GATTON, | Case No.: 4:26-cv-00407-LPR |
| Plaintiff, | |
| v. | |
| LVNV FUNDING LLC; JEFFERSON CAPITAL SYSTEMS LLC; GLOBAL LENDING SERVICES LLC; HARLEY-DAVIDSON FINANCIAL SERVICES INC.; FIRST PREMIER BANK; UNITED AUTO CREDIT CORPORATION; ACIMA DIGITAL LLC fka SIMPLE; EQUIFAX INC.; EXPERIAN INFORMATION SOLUTIONS INC.; TRANSUNION LLC; and HUNTER WARFIELD INC., | |
| Defendants. | |

**DEFENDANT HARLEY-DAVIDSON FINANCIAL SERVICES INC.'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Harley-Davidson Financial Services, Inc. ("HDFS")[1] submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Michael Gatton's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and states as follows:

## I.    INTRODUCTION

Plaintiff alleges three claims for violation of the Fair Credit Reporting Act ("FCRA") on the basis that HDFS allegedly reported inaccurate information regarding his account and that he is entitled to both actual and statutory damages. In support, Plaintiff lumps all the furnisher Defendants together and offers only conclusory allegations, absent any facts as to each furnisher,

---

[1] HDFS does not waive its right to compel arbitration of this dispute with Plaintiff pursuant to the terms of the applicable Contract and instead moves to dismiss the Complaint on the basis that Plaintiff has failed to put HDFS on notice as to the basis of his claim of inaccurate reporting.

that each reported incorrect balances, incorrect dates of first delinquency or date closed, inaccurate payment histories, and unverifiable adverse information. Further, Plaintiff contends each furnisher Defendants has inconsistent reporting between the three primary consumer reporting agencies, again without any factual support or identification of the reporting at issue and inaccuracy. Plaintiff's Complaint is woefully deficient and does not come close to meeting the pleading requirements to set forth a valid claim for violation of the FCRA.

Plaintiff's FCRA claims fails because his conclusory allegations of inaccurate reporting, without pleading a single fact as to any of the furnishers, do not meet the threshold requirements to establish the existence of an inaccuracy in HDFS' reporting or put HDFS on notice as to the basis of his claims regarding credit reporting. Plaintiff has not pled any facts in support of the allegedly inaccurate reporting regarding his HDFS account, much less identify the balance at issue, the date of first delinquency or date closed he contends is inaccurate, what is inaccurate within the payment history, the allegedly unverifiable adverse information or the basis for the purported inconsistent reporting. On the face of the Complaint, Plaintiff fails to specifically identify the allegedly inaccurate information reported by HDFS. In addition, Plaintiff's subsequent complaints against Equifax, Experian, and Trans Union each admit that HDFS' reporting for his account was positive, meaning there is no inconsistency across the consumer reporting agencies and calling into question his allegation of adverse information being reported by HDFS as consumers generally do not complain about positive credit reporting causing harm. Plaintiff's Complaint does not meet the applicable standards to plead a claim for violation of 15 U.S.C. § 1681s-2(b) and these types of conclusory allegations are routinely dismissed by courts.

HDFS respectfully requests the Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) with prejudice.

## II.    RELEVANT FACTUAL BACKGROUND

On March 18, 2026, Plaintiff filed a Complaint naming HDFS as one of several furnishers allegedly reporting information containing "material inaccuracies and inconsistencies."  ECF No. 2 at 4.  Plaintiff contends all furnisher Defendants are reporting incorrect balances, incorrect dates of first delinquency or date closed, and inaccurate payment histories.  *Id*.  In addition, Plaintiff contends all furnisher Defendants have inconsistent reporting between consumer reporting agencies and reporting unverifiable adverse information.  *Id*.  Plaintiff alleges he submitted disputes to the consumer reporting agencies and offers only the conclusory allegation that all furnisher Defendants failed to conduct reasonable investigations, failed to review all relevant information, failed to modify, correct, or delete allegedly inaccurate or unverifiable information, and reported the accounts as verified.  *Id*.  On that basis, Plaintiff asserts causes of action against HDFS for: (1) violation of 15 U.S.C. § 1681s-2(b); (2) willful noncompliance per 15 U.S.C. § 1681n; and (3) negligent noncompliance per 15 U.S.C. § 1681o.

Notably, Plaintiff filed a separate Complaint against Equifax, wherein he alleged Equifax was "reporting this [HDFS] account as a positive auto loan while other consumer reporting agencies reported negative information."  ECF No. 1 at 74.  Plaintiff makes identical allegations as to the HDFS account in his separate Complaints against Experian and Trans Union, that each was reporting the HDFS account positively.  *See* ECF No. 1 at 81, 89.

## III.    LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  The pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement…showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In construing a plaintiff's complaint, the Court may assume that all factual allegations are true but disregard statements that are conclusory. *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Nor does a "pleading that merely pleads "labels and conclusions," or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement" suffice. *Hamilton v. Palm,* 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678).

The factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.,* 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal,* 556 U.S. at 678). In determining the plausibility of a plaintiff's claim, *Iqbal* and *Twombly* instruct the Court to consider whether "obvious alternative explanations" exist for the allegedly unlawful conduct. *Iqbal,* 556 U.S. at 682; *Twombly,* 550 U.S. at 567. The Court must then determine whether the plaintiff plausibly alleges a violation of the law. *Iqbal,* 556 U.S. at 679. The well-pled facts must establish more than a "mere possibility of misconduct." *Id.* If a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe,* 660 F.3d 346, 355 (8th Cir. 2011). *Pro se* pleadings are liberally construed; however, they still must contain sufficient factual information to support a claim. *Mungai v. University of Minnesota*, 141 F.4th 959, 963 (8th Cir. 2025).

## IV.    ARGUMENT

**A.    Plaintiff's FCRA Claims Fail As A Matter Of Law As He Cannot Satisfy The Threshold Requirements To Validly Plead A Claim For Violation Of 15 U.S.C. § 1681s-2(b).**

Plaintiff alleges that each of the furnisher Defendants' credit reporting for his accounts contain material inaccuracies and inconsistencies, including incorrect balances; incorrect dates of first delinquency; inaccurate payment histories; inconsistent reporting between consumer reporting agencies; and unverifiable adverse information. ECF No. 2 at 4. Absent from Plaintiff's Complaint is the identification of the specific information related to his HDFS' account that is inaccurate and the basis for why he believes the reporting is inaccurate (i.e., if the balance reported by HDFS is inaccurate, what does Plaintiff believe the balance should be and why). The fundamental basis of any FCRA claim pursuant to 15 U.S.C. § 1681s-2(b) is that the disputed reporting must be inaccurate – if there is no inaccuracy, there can be no claim. Instead of identifying the specific information reported by HDFS that is allegedly inaccurate, and the basis for his belief as to why the reporting is inaccurate, Plaintiff offers only conclusory statements of a purported inaccuracy by HDFS. Plaintiff impermissibly lumps together all five of the furnisher Defendants with the same purported inaccuracies – without any specific information as to each of the furnishers that would provide any notice as to the factual basis for his claim. Further, Plaintiff's subsequent complaints against Defendants Equifax, Experian, and Trans Union all contain averments that each of the consumer reporting agencies was reporting the HDFS' account "as a positive auto loan while other consumer reporting agencies reported negative information" [ECF No. 1 at 74, 81, 89], which is inherently inconsistent – if each of the consumer reporting agencies were reporting positive information for the HDFS' account, there is no negative information, and unlikely to be an inaccuracy as consumers are not harmed by positive credit reporting.

To state a claim against a furnisher for violating 15 U.S.C. § 1681s-2(b), a plaintiff must establish: (1) a dispute regarding the accuracy or completeness of information with a consumer reporting agency ("CRA"); (2) notice from the CRA to the furnisher of the dispute; and (3) the furnisher's failure to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation.  *See* 15 U.S.C. §§ 1681s-2(b); 1681i(a)(2).  As a threshold issue, a consumer must establish that the furnished information is inaccurate to state a claim under § 1681s-2(b).  *See, e.g., Peoples v. SunTrust Bank,* Civ. No. 17-4235, 2018 WL 7020229, at *5 (D. Minn. Apr. 18, 2018) ("[W]hen a plaintiff cannot show that the disputed debt 'information is inaccurate, the investigation is deemed reasonable and the plaintiff cannot prevail on a FCRA claim.'"); *Felts v. Wells Fargo Bank, N.A.,* 893 F.3d 1305, 1313 (11th Cir. 2018) (requiring a threshold showing of facts establishing that the furnisher reported inaccurate or incomplete information); *Pittman v. Experian Info. Sols., Inc.,* 901 F.3d 619, 629 (6th Cir. 2018) (noting the threshold showing of inaccuracy or incompleteness); *Ostrander v. Trans Union LLC*, No.20-5227, 2021 WL 3271168, at *11 (E.D. Pa., July 30, 2021) (*aff'd* Jan 4., 2023) (citing *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 608 n.9 (E.D. Pa. 2008)) (same).

Conclusory allegations in support of an FCRA claim like Plaintiff's are often dismissed pursuant to Fed. R. Civ. P. 8(a) and (12)(b)(6).  *See Joseph v. Bank of Am., N.A.*, No. 25-CV-893 (PJS/DLM), 2026 WL 1045256, at *5 (D. Minn. Jan. 16, 2026), *report and recommendation adopted in part, rejected in part sub nom.*, No. 25-CV-0893 (PJS/DLM), 2026 WL 633264 (D. Minn. Mar. 6, 2026) (dismissing conclusory allegations that furnisher "reported inaccurate, incomplete, and misleading information regarding Plaintiff's account" and when "[a]fter receiving disputes, BANA failed to reasonably investigate and continued to furnish false tradelines."); *Struss v. Nebraska Furniture Mart*, No. 8:24CV487, 2025 WL 486635, at *6 (D. Neb. Feb. 13, 2025)

6

(finding that conclusory allegations fail to plausibly allege violation of the FCRA); *Goldsmith v. Absolute Resolutions Investments, LLC*, No. 25-CV-7428, 2026 WL 896000, at *4 (E.D. Pa. Mar. 31, 2026) (same); *Wallace v. PennyMac Loan Services, LLC*, No. 2:25-CV-02297-APG-EJY, 2026 WL 837418, at *6 (D. Nev. Mar. 26, 2026) (same); *Fox v. Experian Info. Solutions, Inc.*, No. 1:25CV146-AW-MAF, 2026 WL 1140885, at *3 (N.D. Fla. Mar. 19, 2026), *report and recommendation adopted sub nom.*, No. 1:25-CV-146-AW-MAF, 2026 WL 1135982 (N.D. Fla. Apr. 24, 2026) (same).

Here, Plaintiff's Complaint offers nothing more than conclusory allegations that HDFS reported inaccurate information and failed to conduct a reasonable investigation in response to his disputes to the CRAs. ECF No. 2 at 4. Absent from the Complaint is any factual allegation by Plaintiff that identifies the purported inaccuracy within the credit reporting for his HDFS account regarding the balance, date of first delinquency or closed date, payment history, inconsistent reporting between the CRAs, or purportedly unverifiable adverse information. ECF No. 2 at 4. Fed. R. Civ. P. 8(a) and (12)(b)(6) require more than conclusory allegations to assert a viable claim for violation of the FCRA. Rather, Plaintiff must meet the threshold requirement by pleading facts to show HDFS reported inaccurate information regarding account (and to provide HDFS notice of the inaccurate reporting at issue). Plaintiff's Complaint fails to identify any facts regarding the credit reporting for his HDFS account, including the date of the reporting or his disputes, the basis for his belief as to why the reporting by HDFS is inaccurate, along with the specific allegedly inaccurate reporting regarding the balance, date of first delinquency or closure, payment history,

7

and purportedly unverifiable adverse information.  Plaintiff has not met the threshold requirements to set forth a claim for violation of 15 U.S.C. § 1681s-2(b), and therefore it should be dismissed.[2]

Further, Plaintiff's claim of inconsistent reporting by HDFS across the CRAs cannot support an FCRA claim and is contradicted by his other complaints against each CRA. "Allegations of inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference that any of the reports contains 'false or materially misleading' information." *Allen v. Experian Info. Sols., Inc.,* Case No. 2:25-cv-00404-BLW, 2025 WL 3485873, at *3 (D. Idaho Dec. 4, 2025) (citation omitted); *see also Verlus v. Experian Info. Sols., Inc.,* Civil Action No. 23-cv-11426-DJC, 2025 WL 836588, at *4 (D. Mass. Mar. 17, 2025) (citation omitted) (when the plaintiff alleged inconsistencies in his credit reports but did not allege "what the accurate information actually is," he did not sufficiently plead an FCRA violation); *Silva v. Santander Consumer USA Inc.*, No. 3:24-CV-06057-DGE, 2026 WL 364426, at *4 (W.D. Wash. Feb. 10, 2026) (purported inconsistencies alone is insufficient to establish what information is inaccurate or misleading).  Absent more, Plaintiff's claim as to inconsistent reporting is deficient. In addition, Plaintiff admits in his complaints against the CRAs that each reported the HDFS' account "as a positive auto loan while other consumer reporting agencies reported negative information." ECF No. 1 at 74, 81, 89.  It is logically inconsistent that Plaintiff would be disputing the existence of positive reporting across the CRAs, while at the same time claiming that he was harmed by HDFS' allegedly inconsistent reporting.  Consumers are not harmed by positive reporting and Plaintiff had not adequately pled the existence of a valid FCRA claim as to

---

[2] The claims for violation of 15 U.S.C. §§ 1681n and 1681o seek the recovery of statutory and/or actual damages but are predicated on the existence of a valid claim for violation of 15 U.S.C. § 1681s-2(b).  Because Plaintiff does not plead a valid claim for violation of 15 U.S.C. § 1681s-2(b), the other two FCRA claims must also fail as Plaintiff has not established his right to recover damages.

purportedly inconsistent reporting because he acknowledged each CRA reported the HDFS account positively. To the extent Plaintiff relies on allegedly inconsistent reporting to support a claim for violation of 15 U.S.C. § 1681s-2(b), it fails as a matter of law.

Accordingly, the Court should dismiss Plaintiff's Complaint against HDFS with prejudice.

## V.    CONCLUSION

WHEREFORE, Defendant Harley-Davidson Financial Services, Inc. respectfully requests the Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Date: May 13, 2026                                        Respectfully submitted,


By: *Blaec C. Croft*
Blaec C. Croft (PA 204013)
McGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, Pennsylvania 15222
Tel.: 412.667.6057
Fax: 412.667.4187
bcroft@mcguirewoods.com

*Counsel for Defendant Harley-Davidson Financial Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2026, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Arkansas using the CM/ECF system, which will cause a Notice of Electronic Filing to be sent to all counsel of record, along with *pro se* Plaintiff, and sent a copy of the filing to the *pro se* Plaintiff by both email and U.S. first class mail.

*/s/ Blaec C. Croft*
Blaec C. Croft