IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL GATTON,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )   Civil Action No.: 4:26-cv-00407-LPR
                                         )
LVNV FUNDING LLC; et al.                 )
                                         )
        Defendants.                      )

**JEFFERSON CAPITAL SYSTEMS, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Jefferson Capital Systems, LLC ("Jefferson Capital"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits its Answer and Affirmative Defenses to the Complaint (Doc. 2) filed by Plaintiff, Michael Gatton, and states:

1.      In response to the unnumbered paragraph beneath "Nature of Action," Jefferson Capital admits Plaintiff filed this action for purported violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* and the Fair Debt Collection Practices Act ("FCRA"), 15 U.S.C. § 1692 *et seq*., but denies any violations, liability, damages, or wrongdoing alleged.  Except as specifically admitted, Jefferson Capital denies the allegations in the unnumbered paragraph under "Nature of Action" on page 1 of the Complaint.

2.      In response to the unnumbered paragraph beneath "Jurisdiction and Venue," Jefferson Capital denies the allegations as calling for a legal conclusion and leaves all matters of jurisdiction and venue to the court.

1

3.      In response to the unnumbered paragraph beneath "Parties," Jefferson Capital admits on information and belief only that Plaintiff is a natural person and resident of Arkansas; and admits that part of its business is the collection of unpaid obligations owed to others.  The remaining allegations are not directed towards Jefferson Capital and, accordingly, do not call for a response from this Defendant.  To the extent a response is deemed to be required, Jefferson Capital denies the remaining allegations as calling for a legal conclusion and for lack of knowledge or information sufficient to form a belief in the truth therein.

4.      In response to the unnumbered paragraph beneath "Factual Background," Jefferson Capital denies the allegations contained in the first, second, and third sentences for lack of knowledge or information sufficient to form a belief therein; and denies the the allegations in the fourth and fifth sentences directed to it and denies all remaining allegations as calling for a legal conclusion and for lack of knowledge or information sufficient to form a belief therein.

5.      In response to the allegations and claims for relief contained in Section I, "Debt Collector Defendants," under "Disputed Accounts and Specific Violations," beginning on page 2 and continuing onto page 3 of the Complaint, Jefferson Capital admits only that part of its business is the collection of unpaid obligations owed to others; and that its business records reflect it furnished information on an account in Plaintiff's name; and that Plaintiff seeks the relief sought.  Except as specifically admitted, Jefferson Capital denies the allegations in Section I, "Debt Collector Defendants," under "Disputed Accounts and Specific Violations," beginning on page 2 and continuing onto page 3 of the Complaint

2

as calling for a legal conclusion and for lack of knowledge or information sufficient to form a belief therein, and denies Plaintiff is entitled to the relief requested.

6.      In response to the allegations and claims for relief contained in Section II, "Furnisher-Only Defendants," under "Disputed Accounts and Specific Violations," beginning on page 3 and continuing onto page 4 of the Complaint, those allegations are not directed towards Jefferson Capital and, accordingly, do not call for a response from this Defendant.  To the extent a response is deemed to be required, Jefferson Capital denies the allegations in Section II, "Furnisher-Only Defendants," under "Disputed Accounts and Specific Violations," beginning on page 3 and continuing onto page 4 of the Complaint as calling for a legal conclusion and for lack of knowledge or information sufficient to form a belief in the truth therein.

7.      Jefferson Capital admits Plaintiff seeks the relief sought in the unnumbered paragraph and subparts beneath "Damages Summary," but denies Plaintiff is entitled to any of the relief requested.  Except as specifically admitted, denied.

8.      Jefferson Capital admits Plaintiff seeks the relief sought in the unnumbered paragraph and subparts beneath "Statement of Harm and Standing," but denies Plaintiff has standing or that he is entitled to the relief requested.  Except as specifically admitted, denied.

## COUNT I

## ALLEGED VIOLATION OF 15 U.S.C. § 1681s-2(b) – FCRA FURNISHER DUTY

9.      The statements of law in Subpart "a" under "Count I – Violation of 15 U.S.C. § 1681s-2(b) – FCRA Furnisher Duty" on page 5 of the Complaint do not require a

3

response.  To the extent a response is deemed to be required, Jefferson Capital denies the statements of law as calling for a legal conclusion.

10.     The opinions referenced in Subpart "b" under "Count I – Violation of 15 U.S.C. § 1681s-2(b) – FCRA Furnisher Duty" on page 6 of the Complaint speak for themselves and are the best evidence of their content.  To the extent the allegations state otherwise, they are denied.

## COUNT II

### ALLEGED 15 U.S.C. §1681n WILLFUL NONCOMPLIANCE

11.     The statements of law in Subpart "a" under "Count II – 15 U.S.C. § 1681n Willful Noncompliance" on page 6 of the Complaint do not require a response.  To the extent a response is deemed to be required, Jefferson Capital denies the statements of law as calling for a legal conclusion.

## COUNT III –

### ALLEGED 15 U.S.C. § 1681o NEGLIGENT NONCOMPLIANCE

12.     The statements of law in in Subpart "a" under "Count III – 15 U.S.C. § 1681o Negligent Noncompliance" on page 6 of the Complaint do not require a response.  To the extent a response is deemed to be required, Jefferson Capital denies the statements of law as calling for a legal conclusion.

## COUNT IV

### ALLEDGED FDCPA VIOLATIONS (15 U.S.C. §1692, *et seq.*)

13.     The statements of law in Subpart "a" under "Count IV – FDCPA Violations" on page 6 of the Complaint do not require a response.  To the extent a response is deemed

to be required, Jefferson Capital denies the statements of law as calling for a legal conclusion.

14.    The statements of law contained in the unnumbered paragraph beneath "Willfulness and Knowledge" do not require a response.  To the extent a response is deemed to be required, Jefferson Capital denies the statements of law as calling for a legal conclusion.

15.    In response to the unnumbered paragraph beneath "Claim for Relief," Jefferson Capital admits Plaintiff seeks the relief sought but denies Plaintiff is entitled to the relief requested.  Except as specifically admitted, denied.

16.    Jefferson Capital admits Plaintiff seeks the relief sought in the "Prayer for Relief," but denies Plaintiff is entitled to the relief requested.  Except as specifically admitted, denied.

**<u>AFFIRMATIVE DEFENSES</u>**

AND NOW, in further answer to the Complaint, Jefferson Capital asserts as follows:

1.    To the extent that any violations are established, any such violations were not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.    Plaintiff has incurred no injury in fact and therefore lacks standing to pursue this action.

3.    Plaintiff's claims for damages are speculative and form no basis for recovery.

4.    Plaintiff has suffered no actual damages as a result of Jefferson Capital's purported violations.

5. Assuming Plaintiff suffered any damages, which is denied, Plaintiff failed to mitigate those damages or take other reasonable steps to avoid or reduce them.

6. Any harm suffered by Plaintiff, which is denied, was legally and proximately caused by persons or entities other than Jefferson Capital and was beyond the control or supervision of Jefferson Capital or for whom Jefferson Capital was and is not responsible or liable.

7. Plaintiff's alleged injuries are unrelated to the alleged conduct by Jefferson Capital, and resulted from acts, occurrences, and conditions for which Jefferson Capital is not liable or responsible.

8. Plaintiff's claims, in whole or in part, are barred by the statute of limitations and/or laches.

9. Plaintiff's claims are barred by the doctrines of avoidable consequences, failure to mitigate, estoppel, waiver, unclean hands, consent and/or assumption of risk.

10. Plaintiff's claims are barred, in whole or in part, to the extent the consumer reporting agencies failed to notify Jefferson Capital of Plaintiff's alleged disputes, pursuant to 15 U.S.C. § 1681s-2(b).

11. Jefferson Capital has at all relevant times complied with the FCRA and is entitled to each and every defense stated in the FCRA and any and all limitations of liability.

12. Jefferson Capital's statements, if any, concerning Plaintiff were true or substantially true.

13. Plaintiff's claims are barred, in whole or in part, because of ratification, agreement, acquiescence, or consent to the alleged conduct of Jefferson Capital.

14.     Plaintiff's own acts constitute a superseding, intervening cause of Plaintiff's damages, injuries and losses, if any.

15.     No action or inaction on the part of Jefferson Capital, its agents, servants, employees, or representatives caused or contributed in any manner to the damages, injuries, and losses alleged in the Complaint.

16.     Jefferson Capital did not commit any intentional, willful, or malicious acts.

17.     With respect to Plaintiff's demands for punitive damages, Jefferson Capital incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards that arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

18.     One or more of the Counts within the Complaint fail to state a claim against Jefferson Capital upon which relief can be granted.

WHEREFORE, Jefferson Capital Systems, LLC respectfully requests this Answer be deemed good and sufficient, Plaintiff's Complaint be dismissed with prejudice as against Jefferson Capital, and for all other general and equitable relief the Court deems necessary or appropriate.

Dated:  May 29, 2026                                   Respectfully Submitted,

                                                       /s/ *Taylor N. Williams*
                                                       Taylor N. Williams
                                                       WDTC LAW, P.A.
                                                       2120 Riverfront Drive, Suite 275
                                                       Little Rock, Arkansas 72202
                                                       (501) 372-1406
                                                       (501) 372-1209 FAX
                                                       taylor.williams@wdtc.law

                                                       *Attorney for Defendant,*
                                                       *Jefferson Capital Systems, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, a copy of the foregoing was electronically filed with the Clerk of Court, United States District Court for the Eastern District of Arkansas, and served via CM/ECF upon all parties not participating in CM/ECF, by U.S. First Class Mail:

Michael Gatton
640 Ingram Village Dr., Apt. A
Conway, AR 72032
*Pro se plaintiff*

                                                       /s/ *Taylor Williams*
                                                       Taylor Williams, Esq.

8