### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

| | |
|---|---|
| MICHAEL GATTON,<br><br>      **Plaintiff,**<br><br>   v.<br><br>LVNV FUNDING LLC, JEFFERSON CAPITAL SYSTEMS LLC, GLOBAL LENDING SERVICES LLC, HARLEY-DAVIDSON FINANCIAL SERVICES, INC., FIRST PREMIER BANK, UNITED AUTO CREDIT CORP., ACIMA DIGITAL F/K/A SIMPLE HUNTER WARFIELD, INC., EQUIFAX, INC., EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC,<br><br>      **Defendants.** | Case No.  4:26-cv-00407-LPR |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Experian Information Solutions, Inc. ("Experian") by and through its undersigned counsel, and answers the Complaint filed by Plaintiff Michael Gatton ("Plaintiff") as follows:

By adopting the headings set forth in the Complaint for organizational purposes only, Experian does not admit any of the allegations set forth therein:

### DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

### NATURE OF ACTION

In response to paragraph 1 of this section of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act

("FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 1 of the Nature of Action section inconsistent therewith.[1]

## JURISDICTION AND VENUE

In response to paragraph 1 of this section of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

In response to paragraph 1 of this section of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian further admits that it is qualified to do business and conducts business in the State of Arkansas. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 1 of this section of the Complaint.

## FACTUAL BACKGROUND

In response to paragraph 1 of this section of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## DISPUTE ACCOUNTS AND SPECIFIC VIOLATIONS

**I.      Account 1: Acima Digital FKA Simple**

a.      In response to paragraph 1a of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

---

[1] To ensure there is clarity as to which allegation of the Complaint that Experian is addressing in its answer, Experian will restart the paragraph numbering at the beginning of each section in the complaint (i.e. "In response to paragraph ("1,2,3, etc.") of this section of the Complaint . . . .").

b.    In response to paragraph 1b of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## II.    Account 2: Harley Davidson Credit

a.    In response to paragraph 2a of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## III.    Account 3: First Premier

a.    In response to paragraph 3a of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 3a of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3a of the Complaint.

## IV.    Account 4: Global Lending Services

a.    In response to paragraph 4a of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## V.    Account 5: Hunter Warfield

a.    In response to paragraph 5a of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## VI.    Account 6: Jefferson Capital Systems, LLC

a.    In response to paragraph 6a of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**VII.    Account 7: Resurgent/LVNV Funding**

a.    In response to paragraph 7a of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**VIII.    Account 8: United Auto Credit**

a.    In response to paragraph 8a of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 8a of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 8a of the Complaint.

**IX.    Global Registration Violation**

a.    In response to paragraph 9a of this section of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**STATEMENT OF HARM AND STANDING**

In response to paragraph 1 of this section of the Complaint, Experian admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages, including all subparts.

## LEGAL FRAMEWORKS AND AUTHORITIES

### COUNT I – VIOLATION OF 15 U.S.C. § 1681e(b) FAILURE TO FOLLOW REASONABLE PROCEDURES

a.      In response to paragraph 1a of this section of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1a of this section of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

b.      In response to paragraph 1b of this section of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1b of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

c.      In response to paragraph 1c of this section of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1c of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### COUNT II – VIOLATION OF 15 U.S.C. § 1681i PROCEDURE IN CASE OF DISPUTE ACCURACY

a.      In response to paragraph 2a of this section of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 2a of this section of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

b.      In response to paragraph 2b of this section of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2b of this section of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

c.      In response to paragraph 2c of this section of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2c of this section of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### COUNT III – WILLFUL NONCOMPLIANCE (15 U.S.C. § 1681n)

a.      In response to paragraph 3a of this section of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3a of this section of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

b.      In response to paragraph 3b of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

### COUNT IV – NEGLIGENT NONCOMPLIANCE (15 U.S.C. § 1681o)

a.      In response to paragraph 4a of this section of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the

extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4a of this section of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

b. In response to paragraph 4b of this section of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4b of this section of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## WILLFULNESS AND KNOWLEDGE

In response to paragraph 1 of this section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## CLAIM FOR RELIEF

In response to paragraph 1 of this section of the Complaint, Experian admits that the Complaint purports to state claims under the FCRA. Experian further admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

## PRAYER FOR RELIEF

In response to the "wherefore" paragraph of the Prayer for Relief section of the Complaint, including each of its subparts, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein may be barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### SECOND AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE
### (LACHES)

The Complaint and each claim for relief therein are barred by laches.

### FOURTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### FIFTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

8

## SIXTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
## (IMPROPER REQUEST FOR INJUNCTIVE RELIEF)

Plaintiff's request for injunctive relief is improper because only the federal government may seek injunctive relief against Experian under the FCRA.  *See* 15 U.S.C. § 1681s.

## EIGHTH AFFIRMATIVE DEFENSE
## (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)    For costs of suit herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

(4)    relief as the Court may deem just and proper.

> R. Ryan Younger, Ark. Bar No. 2008209
> QUATTLEBAUM, GROOMS & TULL PLLC
> 111 Center Street, Suite 1900
> Little Rock, Arkansas 72201
> (501) 379-1700 Telephone
> (501) 379-1701 Facsimile
> ryounger@qgtlaw.com
>
> *Attorneys for Experian Information Solutions, Inc.*

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 29th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system, which shall send notification of such filing to all counsel of record.

I further certify that on this 29th day of May 2026, I served the foregoing, *via* U.S. Mail, on the following:

Michael Gatton
640 Ingram Village Drive, Apartment A
Conway, Arkansas 72032

/s/ R. Ryan Younger
R. Ryan Younger