## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL GATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 4:26-CV-00407-LPR |
| | ) | |
| LVNV FUNDING LLC, JEFFERSON | ) | |
| CAPITAL SYSTEMS LLC, GLOBAL | ) | |
| LENDING SERVICES LLC, HARLEY- | ) | |
| DAVIDSON FINANCIAL SERVICES INC., | ) | |
| FIRST PREMIER BANK, ACIMA DIGITAL | ) | |
| LLC, EQUIFAX INC., EXPERIAN | ) | |
| INFORMATION SOLUTIONS INC., | ) | |
| TRANSUNION LLC, HUNTER WARFIELD | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT TRANS UNION LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Trans Union LLC ("Trans Union") by and through its counsel of record and hereby files its Answer and Defenses to Plaintiff Michael Gatton's Complaint ("Complaint"). The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible:

## DEMAND FOR JURY TRIAL

1.      Trans Union admits Plaintiff demands a trial by jury.

## NATURE OF ACTION

2.      Trans Union admits only that Plaintiff has asserted claims against it for actual, statutory, and punitive damages, and is seeking costs and attorney's fees for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Trans Union also admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f). Trans Union also admits that it assembles consumer credit information for the purpose

1

10102585.1

of furnishing consumer reports to third parties and that it sells consumer reports pursuant to contracts and agreements with subscribers. Trans Union denies the remaining allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Trans Union admits that jurisdiction is proper in this Court. Trans Union also admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the Eastern District of Arkansas. To the extent that paragraph 3 is directed at Trans Union, Trans Union denies the allegations. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

## PARTIES

4.      Trans Union admits that it maintains a registered agent in the State of Texas. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f). Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union also admits that it is authorized to do business within the State of Arkansas. Trans Union denies the remaining allegations contained in paragraph 4 of the Complaint.

## FACTUAL BACKGROUND

5.      Trans Union admits that at certain limited times, it received correspondence purported to be from Plaintiff regarding his credit file. Trans Union admits to utilizing the ACDV/E-Oscar system to process some consumer disputes. Additionally, the provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the remaining allegations contained in paragraph 5 of the Complaint.

## DISPUTED ACCOUNTS AND SPECIFIC VIOLATIONS

I.      **Account 1: Acima Digital FKA Simple**

    a.  Trans Union denies the allegations contained in paragraph Ia of the Complaint.

    b.  Trans Union denies the allegations contained in paragraph Ib of the Complaint including all subparts.

II.     **Account 2: Harley Davidson Credit**

    a.  Trans Union denies the allegations contained in paragraph IIa of the Complaint.

III.    **Account 3: First Premier Bank**

    a.  Trans Union denies the allegations contained in paragraph IIIa of the Complaint.

IV.     **Account 4: Global Lending Services**

    a.  Trans Union denies the allegations contained in paragraph IVa of the Complaint.

V.      **Account 5: Hunter Warfield**

    a.  Trans Union denies the allegations contained in paragraph Va of the Complaint.

VI.     **Account 6: Jefferson Capital Systems, LLC**

    a.  Trans Union denies the allegations contained in paragraph VIa of the Complaint.

VII.    **Account 7: Resurgent/LVNV Funding**

    a.  Trans Union denies the allegations contained in paragraph VIIa of the Complaint.

VIII.   **Account 8: United Auto Credit**

    a.  Trans Union denies the allegations contained in paragraph VIIIa of the Complaint.

10102585.1

**IX.        Global Reinvestigation**

a. Trans Union denies the allegations contained in paragraph IXa of the Complaint, including all subparts.

## STATEMENT OF HARM AND STANDING

6.        Trans Union denies the allegations contained in the Statement of Harm and Standing paragraph of the Complaint, including all subparts.

## LEGAL FRAMEWORK AND AUTHORITIES

## COUNT 1

7.        The provisions of the FCRA are self-evident and speak for themselves.  Trans Union denies the allegations contained in paragraph 7 of the Complaint.

8.        The provisions of 15 U.S.C. § 1681 et seq. of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 8 of the Complaint.

9.        The provisions of 15 U.S.C. § 1681 et seq. of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 9 of the Complaint.

## COUNT II

10.        The provisions of the FCRA are self-evident and speak for themselves.  Trans Union denies the allegations contained in paragraph 10 of the Complaint.

11.        The provisions of 15 U.S.C. § 1681 et seq. of the FCRA and case law interpreting it are self-evident and speak for themselves.  Trans Union denies the allegations contained in paragraph 11 of the Complaint.

12.        The provisions of 15 U.S.C. § 1681 et seq. of the FCRA and case law interpreting it are self-evident and speak for themselves.  Trans Union denies the allegations contained in

4

paragraph 12 of the Complaint.

## COUNT III

13.     The provisions of 15 U.S.C. § 1681 et seq. of the FCRA and case law interpreting it are self-evident and speak for themselves.  Trans Union denies the allegations contained in paragraph 13 of the Complaint.

14.     Trans Union denies the allegations contained in paragraph 14 of the Complaint.

## COUNT IV

15.     The provisions of 15 U.S.C. § 1681 et seq. of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegation contained in paragraph 15 of the Complaint.

16.     The provisions of 15 U.S.C. § 1681 et seq. of the FCRA and case law interpreting it are self-evident and speak for themselves.  Trans Union denies the allegation contained in paragraph 16 of the Complaint.

## WILLFULNESS AND KNOWLEDGE

17.     Trans Union admits to utilizing the ACDV/E-Oscar system to process some consumer disputes. Trans Union denies the remaining allegations contained in paragraph 17 of the Complaint.

## CLAIM FOR RELIEF

18.     Trans Union denies the allegations contained in the Claim for Relief paragraph of the Complaint.

## PRAYER FOR RELIEF

19.     Trans Union denies the allegations contained in the Prayer for Relief paragraph of the Complaint, including all subparts.

10102585.1

## DENIAL OF ANY REMAINING ALLEGATIONS

20.    Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

92.    At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

93.    Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

94.    Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

95.    Trans Union at all times acted in compliance with the FCRA.

96.    Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

97.    Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

98.    Plaintiff failed to mitigate his alleged damages.

99.    Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Arkansas.

100.    Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other

6

paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

101.    In the event that a settlement is reached between Plaintiff and any other person or entity, Defendant Trans Union is entitled to any settlement credits permitted by law.

102.    Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

103.    Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Marc F. Kirkland*

Marc F. Kirkland
Texas Bar No.: 24046221
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Pkwy, Ste 440
Plano, Texas 75024
Tel:  (214) 560-5454
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

7

## CERTIFICATE OF SERVICE

I hereby certify on this 29th day of May 2026, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following counsel of record:

Samuel A. Morris
Burr & Forman LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
615-724-3258
Fax: 615-724-3358
Email: smorris@burr.com
*Counsel for United Auto Credit Corporation,*
*Global Lending Services LLC, Acima Digital*
*LLC, and First Premier Bank*

Ralph D. Scott, III
Lax, Vaughan, Fortson, Rowe & Threet P.A.
11300 Cantrell Road, Suite 201
Little Rock, AR 72212
501-376-6565
Fax: 501-376-6666
Email: tscott@laxvaughan.com
*Counsel for Equifax Inc.*

Taylor Norman Williams
WDTC Law, P.A.
2120 Riverfront Drive, Suite 275
Little Rock, AR 72202
501-372-1406
Email: taylor.williams@wdtc.law
*Counsel for Jefferson Capital Systems LLC*

Robert Ryan Younger
Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201-3325
501-379-1757
Email: ryounger@qgtlaw.com
*Counsel for Experian Information*
*Solutions Inc.*

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
412-667-6057
Email: bcroft@mcguirewoods.com
*Counsel for Harley-Davidson Financial*
*Services Inc.*

I further certify that a true and correct copy of the foregoing document was served on the

following parties via U.S. First Class Mail and Electronic Mail, properly addressed as follows:

Michael Gatton
640 Ingram Village Drive, Apt A
Conway, AR 72032
mikegatton1988@gmail.com
*Pro Se Plaintiff*

*/s/ Marc F. Kirkland*
**MARC F. KIRKLAND**

8

10102585.1